### Solomon Pitkin *vs.* Henry Frink & another.

A. gave B. a negotiable note for $200, payable on demand, and B. at the same time gave A. the following instrument: "This may certify that I have this day sold a horse and carriage to A., and it is understood that I am under obligation to depend on him for horse and carriage, &c. whenever I can be accommodated as well as I can elsewhere, on reasonable terms; and he is under obligations to accommodate me at the price he makes for his best customers, and I am not to call on him for the note, so long as he keeps the horse and carriage in good order for my accommodation." *Held,* that the note and other instrument were distinct and independent contracts, and that B. might declare on the note as an unconditional promise of A., or might give it in evidence on the money counts. *Held also,* that in an action by B. to recover the amount of the note, A. could not set off the damages, if any, sustained by him by reason of B.'s breach of the agreement contained in the other instrument.

INDEBITATUS ASSUMPSIT for money had and received, money lent, and goods sold and delivered. At the trial, in the court of common pleas, the plaintiff gave in evidence a promissory note of the following tenor: "Amherst, May 16th 1838. On demand, we promise to pay Solomon Pitkin, or order, two hundred dollars and interest. Value received. Interest to be paid annually.                          Frink & Bartlett."

The defendants then offered evidence tending to show, that at the time when said note was given, the plaintiff gave to the defendants a memorandum, written originally on the same paper with the note, as follows: "This may certify that I have this day sold a horse and carriage to Frink & Bartlett, and it is understood that I am under obligation to depend on them for horse and carriage, &c. whenever I can be accommodated as well as I can elsewhere, on as reasonable terms. And they are under obligations to accommodate me at the price they make for their best customers, and I am not to call on them for the note, so long as they keep the horse and carriage in good order for my accommodation.                         S. Pitkin."

The plaintiff then proposed to show that the defendants had not fulfilled their obligations under said writing; that they had charged him at higher rates than he was obliged to pay else where; that they were in the habit of furnishing horses and car riages for other customers, on more reasonable terms than those on which they had furnished the same to him; and that they had not kept the horse and carriage, referred to in the memoran- dum, in good order for his accommodation, but had, long before the commencement of this action, parted with the possession and control of the same.

The court ruled, that if the jury should find that the note and memorandum were executed at the same time, and constituted parts of one entire contract, the evidence offered by the plaintiff would not be competent to sustain the action, under the form of declaration adopted by him. Whereupon the plaintiff submitted to a verdict for the defendants, and alleged exceptions to said ruling.

*Delano,* for the plaintiff. The question whether the two pa- pers constituted an entire contract should not have been left to the jury, but should have been decided by the court, on the con- struction of the papers themselves. *Dow* v. *Tuttle,* 4 Mass. 414. *Johnson* v. *Reed,* 9 Mass. 78. *Gardiner* v. *Corson,* 15 Mass. 500.

It could not have been the intention of the parties that one of these contracts should depend on the other; *first,* because the

note was negotiable and might have bound the defendants to an indorsee, if it had been indorsed before it was dishonored; and *secondly*, because, although there are three stipulations in the other paper, yet only one of them refers to the note. The defendants, by accepting this paper, agreed to furnish the plaintiff with a norse and carriage on certain terms. But this was an agreement wholly independent of that contained in the note. The defendants did not agree to keep any horse or carriage for the accommodation of the plaintiff, and he could not maintain an action against them for not doing so. See *Sexton* v. *Wood*, 17 Pick. 110. *Heywood* v. *Perrin*, 10 Pick. 228.

Where the maker of a note holds an instrument that qualifies it, the payee need not set it out in his declaration, but the maker should use it in his defence. It is otherwise, where such instrument is attached to the note and is in the payee's hands *Whitaker* v. *Smith*, and *Stanwood* v. *Scovel*, 4 Pick. 83, 422. But as the instrument held by the defendants is wholly independent of the note, the plaintiff might have declared on the note, in the usual form; he may therefore maintain the money counts by producing the note in evidence.

*Ashmun & Dickinson*, for the defendants. The case now stands as it would if the jury had found, in terms, that the note and the other paper were only one contract. If, therefore, the plaintiff had declared on the note in the usual form, there would have been a variance between the declaration and the proof; and he cannot maintain the money counts by proof of a conditional note. Chit. on Bills, (9th Amer. ed.) 331, 587. Chit. Con. (5th Amer. ed.) 737. *Dana* v. *King*, 2 Pick. 155. *Baker* v. *Corey*, 19 Pick. 496. The declaration should have set forth the condition and performance, or readiness to perform, by the plaintiff.

SHAW, C. J. This case comes before this court by exceptions to the decision of the court of common pleas. It is an action of assumpsit brought to recover the amount of a promissory note. There is, however, no count in the declaration on the note itself, but the declaration does contain the usual money counts. To maintain the action, the plaintiff gave in evidence a promissory

note made by the defendants, payable to the plaintiff or his order, for value received, dated May 16th 1838, for the sum of $200, payable on demand, with interest annually.

To meet this case, the defendants offered in evidence an agreement, made with them by the plaintiff, at the time of the execution and delivery of the note, and set forth at large in the bill of exceptions, and insisted that the whole was to be taken together as one contract; that thus considered, it was not an un conditional promise and obligation to pay money, but a conditional executory undertaking, open and unexecuted, to supply the plaintiff with the use of a horse and carriage, from time to time, at his request, to the amount in value of $200 ; that it should therefore have been specially declared on, setting out the terms and conditions, and averring performance, or readiness to perform, on the part of the plaintiff ; and that such an executory and con ditional contract would not support a count for money had and received. The presiding judge ruled, and directed the jury, that if they should find that the note and memorandum were executed at the same time, and constituted parts of an entire contract, the evidence offered by the plaintiff would not be sufficient to sustain his action on the money counts ; and a verdict was returned for the defendants. To this direction the plaintiff excepted ; and the question is now, whether it was correct.

It appears, by the bill of exceptions, that the plaintiff proposed to offer proof to show that the agreement, which he had given the defendants, to receive payment of the note in horse and carriage hire, had not been complied with, on their part, and that consequently he was not bound by it. The effect of the decision of the court, however, was to exclude this evidence, and this rightfully ; because, even if he had a good cause of action on the contract, taken as an entire contract, on the ground that he had complied on his part, and they had failed on theirs, such a cause of action could not be tried under the count for money had and received. And a verdict and judgment in this suit, not embracing such cause of action, treating it as one entire contract, which should be declared on, would be no bar to another action in which such entire contract should be set out and the cause of action therein drawn in question.

An objection was taken, that by the terms of the direction of the presiding judge, he left to the jury to find, as matter of fact, not only whether the two papers were made at the same time, but also, whether they constituted an entire contract; the latter being a question of law, depending on the purport and true construction of the instruments themselves. We hardly think the bill of exceptions will bear this meaning; at least, when read with the proper punctuation, it does not necessarily require it. We rather suppose it was the intention of the presiding judge to leave it to the jury to find, as a fact, whether the two instruments were executed at the same time, and if so, then to declare, as matter of law, that they did constitute parts of an entire contract, and that the contract was of such a nature, that it would not sustain the declaration of the plaintiff in its present form. This point, perhaps, is not material, and we have taken this view of it as the one most favorable to the support of the verdict.

If both these instruments, supposing them to be executed at the same time, and respecting the same subject matter, constituted one entire contract, as if the whole were inserted together in the same paper, and such contract was in its terms executory and conditional, the learned judge, we think, was right in ruling that it could not support a declaration for money had and received. Where a contract has been executed, and nothing remains but the payment of money, indebitatus assumpsit for money paid, money had and received, goods sold, or services done, will well lie. *Baker* v. *Corey*, 19 Pick. 496.

But if it be open and executory, if it depend upon a condition precedent, if the undertaking be limited or qualified, or in the alternative, it must be set out truly, with its limitations, qualifications and conditions, with suitable averments of performance on the plaintiff's part. It is said that a mere defeasance need not be set out; being a condition subsequent, the obligation is in full force till the happening of the condition, and then such happening of the condition, which defeats the obligation, will properly come from the other side, as matter of defence. *Stanwood* v. *Scovel*, 4 Pick. 422.

We are therefore brought back to the question, whether the promissory note given by the defendants to the plaintiff, and the agreement given at the same time by the plaintiff, constituted one entire contract, making the stipulations in one dependent upon the performance of conditions in the other; or whether they were mutual and independent undertakings. This is often a difficult question, depending upon a careful consideration of the terms of the respective agreements. In this respect it is necessary to distinguish. They may well be construed to be parts of one and the same *transaction*, relating to the same subject, so that the terms of the one may be properly referred to, to ascer tain the true meaning and intent of the other, as every part of an instrument may be resorted to, for the exposition of the meaning of any particular clause; yet it by no means follows, that they constitute one *entire contract*, making the provisions in one con-ditions and qualifications of the other, necessary to be set forth in a declaration. Even where stipulations on both sides are con-tained in one instrument, as an indenture or instrument not under seal, it is a question of sound construction upon its terms, whether the respective stipulations are dependent and conditional, or mutual and independent.

In the present case, the court are of opinion that the stipula-tions on each side were independent, and that they constituted separate and distinct contracts, upon the breach of which, by either, the other would have a right of action. The contract on the part of the defendants was that of a plain promissory nego tiable note, stipulating to pay a sum of money on demand. The stipulation on the part of the plaintiff was, on certain conditions, to depend on them for a horse and carriage; and not to call on them for the note so long as they should keep the horse and car-riage in good order, for his use. This was a stipulation, on his part, conditional and executory, for which, in case of breach, their remedy was by an action, averring their own performance of the conditions, or readiness to perform, and a non-performance on the part of the plaintiff.

The stipulation on the part of the defendants was, to pay money, and not horse and carriage hire; and they might at any

2*

time have discharged their obligation by paying the amount in money. The stipulation on the part of the plaintiff was, to hire a horse and carriage of the defendants, and on certain terms and conditions; and so far as he should actually have the use of a carriage and horse under that agreement, the amount would enure by way of payment of the note *pro tanto.* But these were independent stipulations; and the refusal of the defendants to furnish a horse and carriage, on the terms proposed, was not a condition upon which the money was to be paid.

This view, we think, is supported by the authorities cited at the argument, to some of which I will refer.

*Dana* v. *King,* 2 Pick. 155, was a case of one entire contract for the purchase of certain stock, to be paid for on delivery. Each was to perform at the same time; of course, whichever would enforce the contract must tender performance on his part. It was a contract, therefore, mutually conditional and dependent. *Whitaker* v. *Smith,* 4 Pick. 83, was the case of a condition annexed to and making part of the note. In *Heywood* v. *Perrin,* 10 Pick. 228, the note was payable on demand; but a memorandum was annexed, after the signature, stating that it was on a credit, half in 12 and half in 24 months. Parol evidence was admitted to show, in fact, that the memorandum was made at the same time the note was signed, and thereupon it was held that it was a part of the note, and qualified the promise to pay on demand, and, with the body of the note, made one entire contract.

*Sexton* v. *Wood,* 17 Pick. 110, was very like the present case. The action was on a note for the payment of money on demand. The defendants offered in evidence an agreement by which the plaintiff agreed to receive of the defendant certain boxes to be sold, and the proceeds applied to the payment of the note. It was in effect to receive payment in boxes, and an implied stipulation not to call for payment in money, till a failure to deliver the boxes, either within a time stipulated or a reasonable time. But it was held that the contracts were independent, and that it was not necessary for the plaintiff, in an action on the note, to set out the counter agreement and aver performance on his part.

It is a proposition too plain to require argument, that an un conditional promissory note for the payment of money is evidence of so much money held by the promisor to the use of the promisee, and may be given in evidence under the common money counts.

The court are therefore of opinion, that the direction given at the trial was not correct, and that the verdict must be set aside.

The question, whether the defendants could offer the counter agreement, and the damages sustained by breach of it, if any, by way of set-off, perhaps did not directly arise at the trial ; but as it may arise on a new trial, it may be proper to allude to it. We have already said, that so far as the plaintiff actually had the use of a horse and carriage under the agreement, the amount was a payment *pro tanto.*    But so far as the defendants have a claim against the plaintiff for breach of his contract, in not taking horses and carriages from them, or in calling for payment of his note whilst they kept the horse and carriage in good order for his accommodation, such a claim, if well founded, would be a claim for mere unliquidated damages, and therefore not a proper subject for set-off.

*Verdict set aside, and a new trial to be had at the bar of this court.*